IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-404-FL

| | | |
|---|---|---|
| BIOLINK LIFE SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AVARA PHARMACEUTICAL SERVICES, INC., | ) | |
| | ) | |
| Defendant | ) | |

This matter comes before the court on defendant's motion to set aside default judgment (DE 35). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff commenced this action September 2, 2022, in the Superior Court of Wake County, North Carolina, asserting claims for breach of contract and for unfair and deceptive trade practices ("UDTPA") under N.C. Gen. Stat. § 75-1.1. Plaintiff's claims arise out of an alleged pair of contracts whereby defendant agreed to manufacture a pharmaceutical product for which plaintiff was seeking authorization for clinical use from the United States Food and Drug Administration. Plaintiff seeks damages, treble damages, interest, and attorneys' fees.

Defendant removed to this court on the basis of diversity jurisdiction October 5, 2022. After obtaining an extension of time, defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement, under Rule 12(e). That motion was briefed fully.

Prior to any ruling by the court on the motion to dismiss and for a more definite statement, counsel for defendant moved to withdraw from representation, February 16, 2023, alleging a dispute over their fee agreement with defendant (hereinafter, the "motion to withdraw"). The motion to withdraw listed defendant's mailing address as that of its registered agent in Delaware:

> Avara Pharmaceutical Services, Inc.
> c/o Harvard Business Services, Inc., Registered Agent
> 16192 Coastal Hwy
> Lewes, DE 19958

(Mot. to Withdraw (DE 18) at 1).

Plaintiff moved to amend its complaint April 6, 2023. Shortly thereafter, April 11, 2023, the court granted the motion to withdraw directing defendant to cause new counsel to file a notice of appearance within 21 days, and staying the running of the deadline for response to the motion to amend for 21 days. The court also mailed a copy of its order to the address of defendant's registered agent contained in the motion to withdraw.

The next day, withdrawn counsel filed a certificate of service, stating that a copy of the court's order was served upon the following person(s) by electronic mail and certified mail:

> Avara Pharmaceutical Services, Inc.
> c/o Harvard Business Services, Inc., Registered Agent
> 16192 Coastal Hwy
> Lewes, DE 19958
>
> Leonard M. Levie, Chairman (EMAIL ONLY)
> Avara Management Services LLC
> 250 Park Avenue
> New York, NY. 10177
> (203) 952 9212
> Email: llevie@aiac.com

(DE 23).

The court's mailed order was returned April 28, 2023, to the court as undeliverable. (See DE 24).

The court granted plaintiff's motion to amend May 22, 2023, noting the deadline to respond thereto had expired. At the same time, the court terminated as moot defendant's motions to dismiss the original complaint and for a more definite statement. The court directed plaintiff to file its amended complaint within five days and "to serve the same upon defendant." (DE 25).

Plaintiff filed its first amended complaint May 25, 2023.[1] Plaintiff certified that it served the amended complaint on defendant by first class and certified mail to

> Avara Pharmaceutical Services, Inc.
> 3300 Marshall Avenue
> Norman, OK 73072
> Attn: Larry P. Lee, Chief Executive Officer

(DE 26-1 at 10).

Defendant did not file a notice of appearance of new counsel as directed in the court's April 11, 2023, order, and it did not respond to plaintiff's amended complaint.

On July 28, 2023, the court directed plaintiff to proceed after failure to answer in accordance with Rule 55. Plaintiff then moved for entry of default, July 31, 2023, stating that it had "served the amended complaint on Larry P. Lee, the last known Chief Executive Officer of [defendant] by certified mail and regular mail." (DE 29 at 2). The clerk granted plaintiff's motion and entered default September 14, 2023, noting "defendant's failure to plead or otherwise respond to plaintiff's first amended complaint within the time allowed, despite service of same." (DE 30).

On October 20, 2023, the court again directed plaintiff to proceed in accordance with Rule 55. Plaintiff moved for default judgment October 23, 2023. The court granted the motion October 27, 2023, noting "defendant's failure to comply with the court's order to secure counsel, [and] defendant's failure to plead or otherwise respond to plaintiff's first amended complaint . . . within

---

[1] This filing was corrected due to a deficiency and re-filed June 5, 2023 (DE 27).

the time allowed despite service of same." (DE 33). The court thus awarded plaintiff $568,356.58 in damages, plus costs, and closed the case.

On May 31, 2024,[2] defendant filed the instant motion to set aside the default judgment, pursuant to Federal Rule of Civil Procedure 60(b), relying on a declaration by its then chief executive officer, Amit Arora ("Arora"), (DE 36-1). Plaintiff responded in opposition, relying on a printout from the Delaware Department of State (DE 39-1) and a motion by defendant to stay collections proceedings in Oklahoma state court (DE 39-2), as well as a declaration by plaintiff's president and chief scientific officer, Deanna Nelson (DE 40), attaching correspondence between the parties (DE 40-1), and "certificate[s] of analysis" bearing a heading "AIAC International Pharma, LLC." (DE 40-2). Defendant replied.

**COURT'S DISCUSSION**

A.  Standard for Relief from Default Judgment

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Thus, "trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) (reversing denial of relief where defendant failed to comply with local rules); see also Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987) ("The disposition of motions under rule 60(b) ordinarily is a matter within the discretion of the district court.").[3] Relief from default "should be granted where the defaulting party acts with reasonable diligence in seeking to

---

[2] This filing was corrected due to a deficiency and refiled June 5, 2024 (DE 35).

[3] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

4

set aside the default and tenders a meritorious defense." Moradi, 673 F.2d at 727. In ruling on a Rule 60(b) motion, the court must strike "an equitable balance between our preference for trials on the merits and the judicial system's need for finality and efficiency in litigation." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988).

When seeking "relief from a judgment under Rule 60(b), a moving party must first show 1) that the motion is timely, 2) that he has a meritorious claim or defense, and 3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018). After meeting each of the three required threshold conditions, the movant "must then satisfy one or more of the six grounds for relief set forth in Rule 60(b)." Park, 812 F2d at 896. Although a fourth threshold showing of "exceptional circumstances" is sometimes noted, see, e.g., Justus v. Clarke, 78 F.4th 97, 105 (4th Cir. 2023), analysis of this condition is limited to cases in which the moving party must demonstrate "extraordinary circumstances" to qualify for relief under Rule 60(b)(6). Compare id. at 112 (finding that defendant's severe mental disability "falls squarely in the category of exceptional circumstances rather than excusable neglect") with Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984) (noting only that motion was timely, movant had presented a meritorious defense, and nonmovant would not suffer unfair prejudice before determining movant was entitled to relief under Rule 60(b)(5)).

Because defendant here claims excusable neglect under Rule 60(b)(1),[4] the "extraordinary circumstances" condition is not necessary for the court's determination of this motion. The court analyzes each of the threshold conditions as well as the relevant ground for relief below.

---

[4] Defendant also argues that the default judgment should be set aside as void under Rule 60(b)(4) because plaintiff's motions for entry of default and default judgment were procedurally defective. The court does not address this argument because, as explained below, defendant has sufficient ground for relief under Rule 60(b)(1).

5

B. Analysis

    1. Threshold Conditions

        a. Timeliness

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Here, defendant meets the timeliness condition because it moved for relief under Rule 60(b)(1) within one year of the October 27, 2023, judgment.

Plaintiff asserts that defendant's filing was not within a reasonable time and relies on a case in which a motion filed within five months of the entry of default judgment was found timely. See Park, 812 F.2d at 896. However, that case does not hold that five months is a hard limit, and plaintiff points to no other authority so stating.

Thus, defendant filed its motion within a reasonable time, and this requirement for relief from default judgment is satisfied.

        b. Meritorious Defense

"[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the court or the jury to find for the defaulting party." Moradi, 673 F.2d at 727. The court must determine "whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass Coatings, 843 F.2d at 812. While making this determination, "any doubts should be resolved in the movant's favor." Id.

Defendant asserts plaintiff's claim for breach of contract must fail because the design specifications provided by plaintiff made full performance impossible. Further, defendant contends plaintiff itself breached the contract by failing to provide defendant with accurate and

6

timely information. If these allegations are believed, the court or a jury could find that defendant did not breach the contract or that any breach was excusable.

Defendant also asserts plaintiff's UDTPA claim must fail because the North Carolina statute is inapplicable. Relying on a choice of law provision in the parties' contract, defendant contends that plaintiff should have brought its claim under Delaware law. Even though Delaware has an analogous statute, see Del. Code Ann. Tit. 6, §2532, defendant argues that there is no relief available to plaintiff under the North Carolina statute.

Although plaintiff has submitted evidence that performance under the contract was possible, this does not preclude relief under the present circumstances. Resolving any doubt about the feasibility of performance and the applicability of the choice of law provision in defendant's favor, defendant's assertions provide at least "some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass Coatings, 843 F.2d at 812. Thus, defendant has demonstrated a meritorious defense.

      c.      Lack of Unfair Prejudice

In ruling on a Rule 60(b) motion, the court must consider the potential unfair prejudice to the nonmoving party, but this "factor is of lesser importance." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 265 (4th Cir. 1993). "In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F3d 413, 418 (4th Cir. 2010). Neither the protraction of proceedings nor the time and expense of a new trial are unfairly prejudicial. See Werner, 731 F.2d at 207. Indeed, "no cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." Colleton Preparatory Acad., 616 F.3d at 419.

Here, defendant correctly asserts that plaintiff will not suffer beyond the task of proving its claims on the merits if default judgment is set aside. Plaintiff argues that it would suffer unfair prejudice because defendant's alleged breach of contract and litigation delays have caused a cash flow shortage and a diminution of its product's value by reducing the remaining duration of its relevant patents. This assertion is unavailing. Plaintiff's purported injury stems from defendant's alleged breach, not from plaintiff's reliance on the default judgment. Cf. Wells Fargo Bank N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 300-01 (4th Cir. 2017) (finding unfair prejudice when nonmoving party purchased property in reliance on the court's order). Any argument that defendant's actions caused a reduction in the value of plaintiff's patents can be addressed during the damages portion of a trial on the merits. Accordingly, plaintiff will not suffer unfair prejudice if the default judgment is set aside.

2. Excusable Neglect

Where defendant has satisfied the foregoing threshold conditions, the court now turns to defendant's asserted basis for relief under Rule 60(b)(1).

"[T]he court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Additionally, where the time to respond to an original pleading has passed, "any required response to an amended pleading must be made . . . within 14 days after service of the amended pleading." Fed. R. Civ. P. 15(a)(3). Defendant here argues that its failure to respond to plaintiff's amended complaint was excusable neglect.

"[N]eglect under Rule 60(b)(1) includes inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." Justus, 78 F.4th at 108. Whether neglect is "excusable [is] an equitable inquiry, taking account of all relevant circumstances,"

8

including 1) "the danger of prejudice to the nonmovant," 2) "the length of the delay and its potential impact on judicial proceedings," 3) "the reason for the delay, including whether it was within the reasonable control of the movant," and 4) "whether the movant acted in good faith." Id. "The most important of these factors for determining whether neglect is reasonable is the reason for the delay." Id. The court has already determined above that plaintiff is not in danger of unfair prejudice, that the length of delay here is reasonable, and that defendant has acted in good faith. Thus, the court must analyze "the reason for the delay." Id.

The Fourth Circuit has "established two analytical approaches under Rule 60(b) in cases of default: (1) those that involve a blame<u>less</u> party and a blame<u>worthy</u> attorney, and (2) those that involve a blame<u>worthy</u> party." Heyman v. M.L. Marketing Co., 116 F.3d 91, 94 (4th Cir. 1997) (emphasis in original). In the first instance "the court's interest in reaching the merits controls and a default judgment should ordinarily be set aside." Id. "However, when dismissal is caused by the negligence of a party, . . . the court's interest in finality and efficiency dominates and the party must adequately defend its conduct in order to show excusable neglect." Id.

Here, defendant's delay in responding to the amended complaint stems from its withdrawn counsel's provision of an insufficient address for defendant in their motion to withdraw. Local Civil Rule 5.2(e) requires withdrawing attorneys to provide "the last known mailing address, and if different, physical address of the moving attorney's client" in their motion to withdraw. Here, the withdrawing attorneys did not provide defendant's physical address, and the mailing address they provided was not functional at the time of withdrawal, as evidence by the fact that the court's mailing to the same address was returned undelivered. (DE 24).[5] The withdrawing attorneys also

---

[5] Based on information found on the Delaware Department of State's website, (DE 39-1), plaintiff contends this is because defendant's registered agent resigned and no replacement was named. (DE 39 at 3).

9

later certified that they served defendant with the court's order granting the motion to withdraw via email to the chairman of American Industrial Acquisition Corp.,[6] and via certified mail to defendant's registered agent, but they did not file a return receipt. (DE 23, 23-1, 23-2).

Based on the foregoing, there is insufficient evidence to find that defendant actually received the court's April 11, 2023, order directing it to cause new counsel to appear. As such, the circumstances of this case are akin to "those that involve a blameless party and a blameworty attorney." Heyman, 116 F.3d at 94. Thus, "the court's interest in reaching the merits controls and a default judgment should . . . be set aside." Id.

Three additional characteristics of this case support a determination that the reason for defendant's delay was excusable. First, it is not clear from the record whether or when defendant or any of defendant's agents or employees received service of the amended complaint. Plaintiff did not file a return receipt of such service, and defendant has not admitted receiving the amended complaint. Although service is complete upon mailing to a person's last known address, Fed. R. Civ. P. 5(b)(2)(C), ineffective delivery may excuse the uninformed party's delayed response. See 4B Charles Alan Wright, et al., Federal Practice and Procedure § 1148 (4th ed., 2015) ("Nonreceipt may, however, justify the court finding excusable neglect on the part of the intended recipient.").

Second, even if the amended complaint was delivered as plaintiff contends, the parties dispute whether Lee, the individual whom plaintiff claims to have served, was an appropriate person to accept service for defendant at the time the amended complaint was filed. Plaintiff asserts that Lee was defendant's chief executive officer and that he previously accepted service of the summons and original complaint. (DE 29 at 2). Defendant by contrast asserts that Arora is

---

[6] This entity allegedly owns a portfolio of companies that includes defendant (DE 36 at 2).

defendant's chief executive officer, and that Lee is not tasked with handling legal matters. (DE 36-1 ¶¶ 1, 12).

Third, defendant was not represented by counsel at the time plaintiff filed the amended complaint. (DE 36-1 ¶ 9). Defendant asserts that its failure to respond timely was based on the incorrect but good faith belief that a response was not required because defendant had already appeared and filed responsive pleadings in this matter. (DE 36 at 9). Proper service of a summons and complaint explicitly informs the recipient of the time within which it must appear and that a failure to do so will result in a default judgment. Fed. R. Civ. P. 4(a)(1)(D), (E). Service of an amended complaint does not contain such an explicit warning. It is therefore understandable that employees without legal expertise would not realize that an amended complaint requires a new response when defendant's prior attorneys previously filed a response to an original complaint. Thus, even if defendant received a copy of the amended complaint when it was filed, defendant's failure to respond is excusable.

In sum, considering all the relevant circumstances—including the withdrawal of counsel, the incorrect mailing address, the dispute over whether defendant received the amended complaint—defendant's delay in appearing and seeking to set aside default judgment was excusable. Defendant acted with reasonable diligence in seeking to set aside the default judgment and has proffered a meritorious defense. Plaintiff will suffer no unfair prejudice if the judgment is set aside, and defendant is eligible for such relief due to excusable neglect. Where defendant has made such showing, default judgment is set aside.

## CONCLUSION

In accordance with the foregoing, defendant's motion to set aside default judgment (DE 35) is GRANTED. Judgment entered October 27, 2023, is VACATED. Defendant shall have 14 days from entry of this order within which to file a response to the amended complaint.

SO ORDERED, this the 11th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge